JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Talil Lewis

**DEFENDANTS**
Officer Daniel Corbo, Officer Mark Haggerty, Officer Perry Betts, Officer Thomas Liciardello, City of Philadelphia, et al.

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Levin & Zeiger LLP, 123 S Broad St, Suite 1200, 215-825-5183

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Violations of Plaintiff's consitutional rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 900,000
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Paul Diamond
DOCKET NUMBER 12-5690-PD

DATE 07/31/2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3616 Old York Road, Philadelphia, PA 19140

Address of Defendant: C/O Law Dept., One Parkway 15th Fl., 1515 Arch St., Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Near the 4000 block of Island Ave, Philadelphia, PA 19153
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: 12-5690    Judge: Paul Diamond    Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒ No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Brian J. Zeiger, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7/31/2013    Brian J. Zeiger    87063
       Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/31/2013    Brian J. Zeiger    87063
       Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Talil Lewis | : | CIVIL ACTION |
| v. | : | |
| Officer Daniel Corbo et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| 7/31/13 | Brian J. Zeiger | Plaintiff Talil Lewis |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-825-5183 | 215-279-8702 | zeiger@levinzeiger.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Talil Lewis<br>3619 Old York Road<br>Philadelphia, PA 19140 | : <br> : <br> : <br> : | TRIAL BY JURY DEMAND |
| Plaintiff. | : <br> : | |
| v. | : <br> : | CIVIL ACTION |
| Officer Daniel Corbo,<br>Badge No. 3765<br>C/O Law Department<br>One Parkway, 15th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102, | : <br> : <br> : <br> : <br> : <br> : | NO:<br><br><br><br>RELATED CASE: 12-5690-PD |
| Officer Mark Haggerty,<br>Badge No. unknown<br>C/O Law Department<br>One Parkway, 15th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102, | : <br> : <br> : <br> : <br> : <br> : | |
| Officer Perry Betts,<br>Badge No. 6761<br>C/O Law Department<br>One Parkway, 15th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102, | : <br> : <br> : <br> : <br> : <br> : | |
| Officer Thomas Liciardello,<br>Badge No. 4383<br>C/O Law Department<br>One Parkway, 15th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102, | : <br> : <br> : <br> : <br> : <br> : | |
| Sergeant John McCloskey,<br>Badge No. 331<br>C/O Law Department<br>One Parkway, 15th Floor | : <br> : <br> : <br> : | |

1

| | |
|---|---|
| 1515 Arch Street<br>Philadelphia, PA 19102, | :<br>:<br>: |
| Officer John Speiser,<br>Badge No. 7169<br>C/O Law Department<br>One Parkway, 15th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102, | :<br>:<br>:<br>:<br>:<br>:<br>: |
| Officer Jeffrey Walker,<br>Badge No. 3730<br>C/O Law Department<br>One Parkway, 15th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102, | :<br>:<br>:<br>:<br>:<br>:<br>: |
| City of Philadelphia<br>C/O Law Department<br>One Parkway, 15th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102, | :<br>:<br>:<br>:<br>:<br>: |
| and | :<br>: |
| John Doe<br>Badge No. unknown<br>C/O Law Department<br>One Parkway, 15th Floor<br>Philadelphia, PA 19102 | :<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

## CIVIL ACTION COMPLAINT

Plaintiff by and through his attorney Brian J. Zeiger, Esquire, hereby alleges the following:

## JURISDICTION & VENUE

1. Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and this Court has

jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2. Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times relevant hereto the Plaintiff Talil Christopher Lewis is an adult resident of Pennsylvania who resides at 3619 Old York Road, Philadelphia, PA 19140.

4. Officer Daniel Corbo, Badge No. 3765, is believed to be an adult male citizen of Pennsylvania conducting business at 1515 Arch Street, Philadelphia, PA, 19102-1595. Defendant Corbo is being sued in both his individual and official capacity.

5. Officer Mark Haggerty, Badge No. unknown, is believed to be an adult male citizen of Pennsylvania conducting business at 1515 Arch Street, Philadelphia, PA, 19102-1595. Defendant Haggerty is being sued in both his individual and official capacity.

6. Officer Perry Betts, Badge No. 6761, is believed to be an adult male citizen of Pennsylvania conducting business at 1515 Arch Street, Philadelphia, PA, 19102-1595. Defendant Betts is being sued in both his individual and official capacity.

7. Officer Thomas Liciardello, Badge No. 4383, is believed to be an adult male citizen of Pennsylvania conducting business at 1515 Arch Street, Philadelphia, PA, 19102-1595. Defendant Liciardello is being sued in both his individual and official capacity.

8. Captain John McCloskey, Badge No. 331, is believed to be an adult male citizen of Pennsylvania conducting business at 1515 Arch Street, Philadelphia, PA, 19102-1595. Defendant McCloskey is being sued in both his individual and official capacity.

LEVIN & ZEIGER LLP
123 S. BROAD STREET, SUITE 1200
PHILADELPHIA, PENNSYLVANIA 19109
215.825.5183

9. Officer John Speiser, Badge No. 7169, is believed to be an adult male citizen of Pennsylvania conducting business at 1515 Arch Street, Philadelphia, PA, 19102-1595. Defendant Speiser is being sued in both his individual and official capacity.

10. Officer Jeffrey Walker, Badge No. 3730, is believed to be an adult male citizen of Pennsylvania conducting business at 1515 Arch Street, Philadelphia, PA, 19102-1595. Defendant Walker is being sued in both his individual and official capacity.

11. Officer John Doe, Badge No. unknown, is believed to be an adult male citizen of Pennsylvania conducting business at 1515 Arch Street, Philadelphia, PA, 19102-1595. Defendant Doe is being sued in both his individual and official capacity.

12. At all times material hereto, the defendant police officers acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the City of Philadelphia through its police department.

13. The City of Philadelphia is a municipal government agency organized under the laws of the Commonwealth of Pennsylvania with a principal and central office of business located at 1515 Arch Street, Philadelphia, PA 19102.

## FACTUAL BACKGROUND

14. Plaintiff was lawfully present as a passenger in a vehicle rented by Senya Saunders on February 15, 2011, at or about 2:30 a.m. near the 4000 block of Island Avenue, Philadelphia, PA 19153.

15. Defendant Corbo and Defendant Haggerty unlawfully pulled over Mr. Saunders' rental vehicle.

16. Mr. Saunders was unlawfully in possession of a large amount of marijuana in the vehicle's rear cargo area.

17. Plaintiff was lawfully present as a passenger of the vehicle when it was pulled over.

18. Plaintiff was merely present and had no involvement whatsoever with the narcotics.

19. No narcotics were found on Plaintiff's person and there was no evidence that Plaintiff participated in any narcotics related events on the night in question.

20. Defendant Betts illegally searched Plaintiff.

21. Defendant Betts illegally seized United States Currency in excess of $5,000.00 United States Currency from Plaintiff's person.

22. Defendant Betts put only $4,093.00 on Property Receipt No. 2961917.

23. Defendant Betts stole the money that was unaccounted for: approximately $907.00.

24. Defendants falsely charged Plaintiff with numerous state law crimes.

25. The illegal arrest amounted to a seizure of Plaintiff's person.

26. The Defendants acted with intent, malice, and bad faith when they falsely arrested the Plaintiff and prosecuted him without probable cause.

27. The Defendants conspired to arrest and prosecute the Plaintiff without probable cause.

28. Plaintiff was on state parole at the time of the illegal arrest.

29. Prior to the illegal arrest, Plaintiff had been completely compliant with the State Parole Office and had no technical violations.

30. As a result of the illegal arrest, the Department of Corrections and the Board of Pennsylvania Parole put a detainer on Plaintiff.

LEVIN & ZEIGER LLP
123 S. BROAD STREET, SUITE 1200
PHILADELPHIA, PENNSYLVANIA 19109
215.825.5183

31.  Plaintiff remained in custody for approximately 665 days as a result of the illegal arrest and the subsequent detainer.

32.  On December 10, 2012 the Philadelphia District Attorney withdrew prosecution against Plaintiff.

33.  The Philadelphia District Attorney withdrew prosecution due to the above illegal conduct of Defendants.

34.  Defendants concealed facts from the Plaintiff which are essential to this lawsuit.

35.  Defendant City of Philadelphia failed to properly supervise Defendants.

36.  Defendant City of Philadelphia failed to properly train Defendants.

37.  Defendant City of Philadelphia, through its agents and employees, promulgated customs, policies, practices, ordinances, regulations, and directives that caused the constitutional violations suffered by the Plaintiff.

38.  Defendant City of Philadelphia was deliberately indifferent to the Defendants' repeated violations of citizens' constitutional rights.

## COUNT I -
## VIOLATION OF 42 U.S.C. § 1983

39.  Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

40.  Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

41.  Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. §1983, and have deprived Plaintiff of his rights, privileges, and/or immunities secured by

6

the Constitution and laws of the United States, including his right to bodily integrity and his right to be free from illegal seizure.

42. Defendants also violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution by holding him in custody with no authority to do so.

43. On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to the Plaintiff. Defendants' actions as stated herein denied Plaintiff's rights in violation of the United States Constitution and 42 U.S.C. § 1983.

44. Defendants' actions were a factual cause of and/or directly and proximately caused Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Nine Hundred Thousand ($900,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT II -
## UNCONSTITUTIONAL SEIZURE OF PERSON UNDER 42 U.S.C. § 1983

45. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

46. Plaintiff did not commit any criminal offense on the date in question.

47. Defendants did not have any probable cause to believe the Plaintiff committed any criminal offense.

48.     No reasonable police officer would believe probable cause existed to arrest the Plaintiff.

49.     The Defendants intentionally, maliciously, and falsely arrested the Plaintiff with reckless disregard for Plaintiff's constitutional rights.

50.     The false arrest and illegal seizure of the Plaintiff was a violation of his Fourth Amendment rights under the United States Constitution.

51.     Defendants acted in concert and conspiracy with each other to deprive the Plaintiff of his liberty.

52.     As a direct result of Defendants' intentional and malicious conduct, Plaintiff was seized and held on false criminal charges and suffered associated deprivations of liberty.

53.     As a direct and proximate result of the Defendants' actions, plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life all to his great detriment and loss.

54.     As a direct and proximate result of the aforementioned act and conduct of the defendants, plaintiff has incurred other financial expenses to which he may otherwise be entitled to recover.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Nine Hundred Thousand ($900,00.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

8

## COUNT III -
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

55. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

56. Defendants caused Plaintiff to be charged with crimes he did not commit.

57. The criminal charges against Plaintiff were dismissed and the case terminated in the Plaintiff's favour.

58. Defendants initiated criminal charges against Plaintiff without probable cause.

59. Defendants knew no probable cause existed but intentionally and maliciously pursued false charges against Plaintiff.

60. Defendants caused Plaintiff to be prosecuted for a purpose other than seeking justice.

61. Defendants made false assertions in order to legitimize the false arrest of Plaintiff and to support their intentional malicious prosecution of Plaintiff.

62. As a direct result of Defendants' intentional and malicious conduct, Plaintiff was seized and held on false criminal charges and suffered associated deprivations of liberty in violation of the Fourth Amendment to the United States Constitution.

63. As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life all to his great detriment and loss.

64. As a direct and proximate result of the aforementioned act and conduct of the defendants, Plaintiff has incurred other financial expenses to which he may otherwise be entitled to recover.

LEVIN & ZEIGER LLP
123 S. BROAD STREET, SUITE 1200
PHILADELPHIA, PENNSYLVANIA 19109
215.825.5183

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Nine Hundred Thousand ($900,00.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT IV -
## CONSPIRACY UNDER 42 U.S.C. § 1983

65. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

66. The Defendants in this matter conspired to deprive the Plaintiff of his constitutional rights.

67. The Defendants took overt steps in furtherance of the conspiracy to falsely arrest and maliciously prosecute the Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Nine Hundred Thousand ($900,00.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT V –
## MONELL CLAIM UNDER 42 U.S.C. § 1983

68. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

10

69. Defendant City of Philadelphia, through its police department, established, knew of, and acquiesced to policies, procedures, and customs that Defendants knew or should have known would lead to violations of citizens' constitutional rights.

70. Defendant City of Philadelphia, through its police department, acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

71. The Plaintiff believes and therefore avers that the Defendant City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' rights under the Fourth Amendment of the Constitution of the United States.

72. Defendant City of Philadelphia, knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

73. By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant City of Philadelphia condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

11

74. The conduct of Defendant City of Philadelphia and/or the conduct of defendants' employees or agents, and/or policy maker for the Defendant City of Philadelphia, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Philadelphia, for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Nine Hundred Thousand ($900,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

Respectfully submitted,

_____
BRIAN J. ZEIGER, ESQUIRE
Identification No.: 87063
zeiger@levinzeiger.com
LEVIN & ZEIGER, LLP
123 S. Broad Street, Suite 1200
Philadelphia, Pennsylvania 19109
215.825.5183